**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY ALLEN BISHOP** | § | |
| | § | |
| | § | |
| **v.** | § | **A-12-CV-399-LY** |
| | § | |
| **NORTHLAND RIVER STONE RANCH,** | § | |
| **LLC, AND NORTHLAND INVESTMENT** | § | |
| **CORPORATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss or in the Alternative Motion for More Definite Statement (Clerk's Doc. No. 3) filed on May 11, 2012;  Plaintiff's Response (Clerk's Doc. No. 5) filed on June 14, 2012; and Defendants' Motion to Strike and Reply (Clerk's Doc. No. 6) filed on June 20, 2012.  The District Court referred the above-Motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

## I.  FACTUAL BACKGROUND

Plaintiff Jeffrey Allen Bishop ("Plaintiff") rented an apartment for several years at an apartment complex owned and managed by Defendants Northland River Stone Ranch, LLC and Northland Investment Corporation (collectively "Northland").  On March 22, 2012, Plaintiff filed this lawsuit against Northland in state court alleging that Northland violated their rental agreement, violated several provisions of the Texas Property Code and committed fraud.  *See* Petition in *Jeffrey Allen Bishop v. Northland River Stone Ranch, LLC, et al*, No. D-1-GN-12-000856 (200th Dist. Ct.,

Travis County, March 22, 2012).  Specifically, Plaintiff alleges that Northland failed to perform maintenance requests and repairs, failed to return security deposits to Plaintiff, failed to follow renewal procedures, failed to provide adequate security and overcharged Plaintiff.  Plaintiff also alleges that Northland failed to repair the garage door attached to his apartment which subsequently came off the tracks, and struck him in the face causing him serious injury.  Plaintiff further avers that Northland falsified the accident report which led to his insurance company denying his insurance claim.

On May 4, 2012, Northland removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446.  Northland has now filed the instant Motion to Dismiss or in the Alternative Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(b)(6), 8 and 9(b).

## II.  ANALYSIS

### A.  Standards of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008).  To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "A claim has facial plausibility when the [nonmovant] pleads

factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555 (internal quotation marks and ellipsis omitted).  Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See *Id.* at 555 & n. 3.  Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

A motion to dismiss pursuant to Fed.R.Civ.P. 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," tests the factual sufficiency of the plaintiffs' allegations. *See Tel–Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1138 (5th Cir.1992).   Pleading fraud with particularity in this circuit requires "[a]t a minimum. . .the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Id*. at 1139.

3

## II.  ANALYSIS

After reviewing Plaintiff's Petition, the Court finds that Plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The Court finds that Plaintiffs' pleadings are sufficient to withstand dismissal at this time.  However, the Court agrees with Northland that a More Definite Statement would be beneficial in this case.  Accordingly, the Court RECOMMENDS that the District Court Order Plaintiff to file a more definite statement which re-pleads his breach of contract, fraud and Texas Property Code claims in greater detail.  Specifically, Plaintiff's More Definite Statement must address each *prima facie* element of his breach of contract, fraud and Texas Property Code claims, as well as setting forth the factual basis for each claim.  The Court further advises Plaintiff that his fraud claim must comply with Federal Rule of Civil Procedure 9(b).  Finally, the Court **HEREBY WARNS** Plaintiff that failure to file a More Definite Statement that fully complies with the Court's instructions and the deadline set by the District Court will result in his case being dismissed pursuant to Federal Rule of Civil Procedure 12(e) and 41(b).

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss but **RECOMMENDS** that the District Court **GRANT** Defendants' Alternative Motion for More Definite Statement (Clerk's Doc. No. 3).  The Court **FURTHER RECOMMENDS** that the District Court **ORDER** Plaintiff to file a More Definite Statement with the Court which complies with the above-instructions contained in this Report and Recommendation.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of July, 2012.


_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE